UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATE M. DIPIETRO,<br><br>    Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN[1],<br>Commissioner of Social Security<br>Administration,<br><br>    Respondent. | Case No. 1:12-CV-513-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Petitioner Kate M. DiPietro's Petition for Review of the Respondent's denial of social security benefits, filed October 9, 2012. (Dkt. 3.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record, and for the reasons that follow, will affirm the decision of the Commissioner.

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue. Colvin became the Acting Commissioner of Social Security Administration on February 14, 2013.

**MEMORANDUM DECISION AND ORDER - 1**

# PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on August 19, 2009, claiming depression, bipolar illness, and borderline personality disorder. The application was denied initially and on reconsideration, and a hearing was held on March 17, 2011, before Administrative Law Judge ("ALJ") Lloyd E. Hartford. After hearing testimony from Petitioner, medical expert Dr. Thomas E. Atkin, vocational expert Anne F. Aastum, and Petitioner's mother, Mary DiPietro, ALJ Hartford issued a decision on May 16, 2011, finding Petitioner not disabled. Petitioner timely requested review by the Appeals Council, which denied her request for review on September 15, 2012.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Petitioner was born in August of 1974. At the time of the hearing, Petitioner was thirty-four years of age. Petitioner is a college graduate and has prior work experience as a receptionist, help desk technician, customer care representative, and claims processor.

# SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date of March 6, 2009. At step two, it must be determined whether the claimant suffers

from a severe impairment. The ALJ found Petitioner's affective disorder, anxiety disorder, borderline personality disorder, and history of migraines severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically listings 11.00 (neurological), 12.04 (affective disorder), 12.06 (anxiety-related disorders), 12.08 (personality disorders), and 12.09 (substance addiction disorders). If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity ("RFC") and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Petitioner was not able to perform her past relevant work as a receptionist.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.

At this step, the ALJ determined that Petitioner retained the RFC to perform medium work as defined in 20 C.F.R. 404.1576(c) and 416.967(c). As part of this determination, the ALJ found Petitioner has the ability to sustain work activity that is simple and repetitive in nature with mental work-related limitations; work that involves

**MEMORANDUM DECISION AND ORDER - 3**

superficial contact with the general public, co-workers, and supervisors; and work that is low stress without requirements to perform multiple tasks or follow complex directions. Based on these findings, the ALJ found Petitioner not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than

a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**MEMORANDUM DECISION AND ORDER - 5**

# DISCUSSION

Petitioner contends the ALJ erred at step five by improperly discrediting the opinions of treating physicians, Drs. Diana Menchaca and Grant Belnap, and the testimony of Petitioner, and by rejecting the opinion of Petitioner's mother, Mary DiPietro.

**1.     Physician Testimony**

The United States Court of Appeals for the Ninth Circuit recognizes three categories of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is accorded to the opinion of a treating physician than to a nontreating physician. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991).

However, an ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r*

*of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999). Also, an ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

The ALJ rejected certain conclusions rendered by Petitioner's treating physicians. First, the ALJ rejected Drs. Belnap and Menchaca's opinions that Petitioner could not return to work at any job. Instead, the ALJ interpreted their opinions as consistent with Petitioner's inability to return to her past relevant work. Second, Dr. Menchaca's and Belnap's opinions did not account for the fact that Petitioner experienced improvement with treatment and abstention from alcohol. And finally, the ALJ concluded their opinions were inconsistent with the medical evidence. Petitioner asserts the ALJ's conclusions were in error. (Dkt. 15 at 14.)

<u>Dr. Menchaca</u>

Dr. Menchaca treated Petitioner from April of 2009 until February, 2011. (Dkt. 10 at 22.) In a December 2009 letter, Dr. Menchaca opined that Petitioner "will likely struggle to obtain and maintain employment," and "if and when she returns to work, I believe she will have difficulty managing the demands and stress of employment and the

**MEMORANDUM DECISION AND ORDER - 7**

symptoms may intensify." (Dkt. 10 at 559.)

The ALJ interpreted Dr. Menchaca's 2009 letter as addressing a return to the Petitioner's past work at as a receptionist. (*Id.* at 29)  The ALJ gave Dr. Menchaca's opinion some weight because it supports the conclusion that the Petitioner cannot return to her past job as a receptionist due to her mental condition. (*Id.*)  However, the ALJ did not give Dr. Menchaca's opinion controlling weight to the extent she suggested that Petitioner is disabled from all work, because the records indicated Petitioner had improved and stabilized due to treatment, medication, and abstinence from alcohol; engaged in substantial gainful activity at responsible positions for significant periods of time; and improved and stabilized within less than twelve months of her alleged onset date. (*Id.*)

Dr. Belnap

Dr. Belnap treated Petitioner from April of 2009 until January of 2011. (*Id.* at 22.) In a psychiatric review technique form, Dr. Belnap opined that Petitioner's activities of daily living were markedly limited. He also noted extreme limitations in social functioning, concentration, persistence, and pace. And he stated Petitioner had trouble functioning outside of a highly supportive living environment. (Dkt. 10 at 24.)

The ALJ declined to give Dr. Belnap's opinion great weight because his opinion was based on past acute symptoms and findings, and on Petitioner's own subjective complaints. (*Id.* at 24-25.)  The ALJ noted that Dr. Belnap did not provide much of an explanation on the psychiatric review technique form to support his conclusion that

**MEMORANDUM DECISION AND ORDER - 8**

Petitioner suffered from extreme mental limitations. (*Id.* at 24.) The ALJ noted also that Dr. Belnap's opinion was not supported by other substantial evidence in the record because his opinion was inconsistent with other medical evidence. (*Id.* at 25.) Specifically, the ALJ noted that Dr. Menchaca assigned global assessment of functioning (GAF) scores in the mid 60's and 70's, which were inconsistent with the marked and extreme mental limitations identified by Dr. Belnap on the psychiatric review technique form. (*Id.*)

The ALJ gave significant weight to the testimony of non-examining clinical psychologist, Dr. Thomas Atkin, because his opinion was more consistent with the weight of the record. (*Id.* at 23.) The ALJ also gave significant weight to the opinion of non-examining psychological consultant, Dr. Michael J. Dennis, who considered the Petitioner's mental capacity for work, because Dr. Dennis considered the evidence of Petitioner's suicidal ideation and episodes. (*Id.* at 24, 29.) Furthermore, the ALJ considered the assessment of Dr. Martin Seidenfeld, a non-examining psychological consultant. (*Id.* at 29, 566.) The ALJ noted that Drs. Dennis and Seidenfeld expected Petitioner's condition would not last twelve continuous months from the alleged onset. (*Id.* at 29.) Finally, the ALJ gave weight to Dr. Dennis's and Dr. Seidenfeld's conclusion that Petitioner should be capable of unskilled types of jobs that are routine in nature, because their opinion was consistent with the weight of evidence. (*Id.* at 30.)

The Court's review indicates that the ALJ properly discredited the opinions of both Drs. Menchaca and Belnap. Their opinions were contradicted by the non-examining

**MEMORANDUM DECISION AND ORDER - 9**

physicians' opinions set forth above. Furthermore, Drs. Atkin, Dennis, and Seidenfeld's opinions were consistent with other evidence in the record. The ALJ set forth specific legitimate reasons based upon substantial evidence in the record, as he thoroughly summarized the facts and conflicting clinical evidence, and explained his interpretations, before making findings. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). Therefore, the ALJ did not err by discounting Drs. Menchaca and Belnap's opinions.

### 2. Petitioner's Credibility

Petitioner asserts that the ALJ improperly discredited Petitioner's testimony regarding her ability to work. (Dkt. 15 at 11.) The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Reddick*, 157 F.3d at 722. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Burch*, 400 F.3d at 680. General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick*, 157 F.3d at 722.

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166

F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). When the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

Here, Petitioner testified that, although her bipolar disorder kept her from working, her alcohol abuse did not. (Dkt. 10 at 27.) Petitioner further stated she had panic attacks when she did work; she could not concentrate; and she had at least four bad days per week due to no energy. (*Id.*) ALJ Hartford rejected Petitioner's statements concerning the intensity, persistence, and limiting effects of the symptoms as not fully credible. (*Id.*) The ALJ found Petitioner partially credible because she was not symptom free, her impairments were causing limitations, and her account of her history was

**MEMORANDUM DECISION AND ORDER - 11**

consistent with the record. (*Id.* at 28)  However, the ALJ gave three reasons for discrediting Petitioner's claim that she was incapable of all work.

First, Petitioner's condition responded well to treatment, medication, and sobriety, as explained by Drs. Belnap, Menchaca, and Atkin. (*Id.*)  The ALJ noted that this is inconsistent with the Petitioner's assertion of alleged disabling symptoms.

Second, Petitioner's testimony that she is bedridden four days out of the week for the past two years due to depressive symptoms is so extreme as to be implausible. (*Id.*) The ALJ found Petitioner's daily living activities in the record were inconsistent with this claim. (*Id.*)  Specifically, Petitioner testified that she spends time with friends, goes to AA meetings, keeps appointments, and reports seeing a boyfriend.  The ALJ noted that while these activities are not extensive, Petitioner can get out of bed and leave the house if so motivated. (*Id.*)

Finally, Petitioner had worked in the past with the same history of depression, anxiety, personality traits, and alcohol abuse. (*Id.*)  The ALJ noted that Petitioner's allegations of her inability to work were related to her inability to perform work she had performed three years before the alleged onset date. (*Id.*)

The record as a whole supports the ALJ's conclusion that Petitioner's subjective statements are not entirely credible.  The ALJ identified the portions of Petitioner's testimony that were not credible. And there is substantial evidence in the record to support the ALJ's findings. Therefore, the ALJ did not err by discrediting the Petitioner's testimony regarding her ability to work.

### 3. Lay Witness Testimony

An ALJ must consider evidence from sources other than the claimant, including family members and friends, to show the severity of a claimant's impairment. 20 C.F.R. § 404.1513(d)(4); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). Lay testimony regarding a claimant's symptoms constitutes competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (internal citations omitted)); *Regennitter v.Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294 (9th Cir. 1999). Such reasons include conflicting medical evidence, prior inconsistent statements, or a claimant's daily activities. *Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir. 2001).

In rejecting lay testimony, "the ALJ need not cite the specific record as long as 'arguably germane reasons' for dismissing the testimony are noted, even though the ALJ does 'not clearly link his determination to those reasons,' and substantial evidence supports the ALJ's decision." *Holzberg v. Astrue*, No. C09-5029BHS, 2010 WL 128391 at *11 (W.D. Wash. Jan. 11, 2010) (citing *Lewis*, 236 F.3d at 512). However, "where the ALJ's error lies in failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached

a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F3d 1050, 1056 (9th Cir. 2006).

Petitioner asserts that the ALJ did not properly consider her mother, Mary DiPietro's testimony. (Dkt. 15 at 14.) Petitioner's mother testified that Petitioner lives with her, spends many days isolated in her bedroom, has problems with lack of motivation, and she is under stress and wants to appear normal. (Dkt. 10 at 27.) However, the ALJ determined that these assertions of allegedly disabling symptoms are inconsistent with the medical records, which reveal that treatment and medication effectively manage Petitioner's symptoms. (Dkt. 10 at 28.) The ALJ did not credit Petitioner's mother's testimony because it was largely repetitive of Petitioner's subjective allegations, which, as discussed above, the ALJ properly discredited. Thus, there is substantial evidence in the record to support the ALJ's conclusion and the ALJ did not err by discrediting the testimony of Petitioner's mother.

## CONCLUSION

The Court will affirm the ALJ's decision that Petitioner is not disabled. The ALJ's decision was supported by substantial evidence in the record as a whole, and was not the product of legal error.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is ***AFFIRMED***

**MEMORANDUM DECISION AND ORDER - 14**

and that the petition for review is *DISMISSED*.

Dated: **March 05, 2014**

Honorable Candy W. Dale
United States Magistrate Judge